**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ANGELA ELAINE PRESTON,** | ) | **CASE NO. 5:23 CV 1837** |
| | ) | |
| Petitioner, | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| **PORTAGE COUNTY** | ) | |
| **ADULT PROBATION DEPARTMENT,** | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |

*Pro se* petitioner Angela Elaine Preston is presently serving a two-year term of community control for her 2022 conviction in the Portage County Court of Common Pleas. On September 22, 2023, Preston filed a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1), challenging her conviction.

Promptly after the filing of a petition for a writ of habeas corpus, a federal district court must undertake a preliminary review of the petition to determine "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in the district court. Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254. If so, the petition must be summarily dismissed. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (the district court has a duty to "screen out" habeas corpus petitions that lack merit on their face). No

response is necessary where a petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response. *Id.* The principle of liberal construction generally afforded *pro se* pleadings applies to habeas petitions. *See Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).

A federal district court may entertain a habeas petition filed by a person in State custody only on the ground that he or she is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). But before a federal court will review the merits of a petition for a writ of habeas corpus, a person must exhaust his or her State remedies. *Manning v. Alexander*, 912 F.2d 878, 880-81 (6th Cir. 1990) (citing 28 U.S.C. § 2254(b), (c)); *see also Rose v. Lundy*, 455 U.S. 509, 522, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982)).

Exhaustion is fulfilled once a State supreme court provides a convicted person a full and fair opportunity to review his claims on the merits. *Id.* (citing, among other authorities, *Justices of Boston Mun. Court v. Lydon*, 466 U.S. 294, 302-03, 104 S. Ct. 1805, 80 L. Ed. 2d 311 (1984)). Exhaustion requires "fair presentation" of the federal claim "to the state courts, including the state court of appeals and the state supreme court." *Bray v. Andrews*, 640 F.3d 731, 734-35 (6th Cir.2011); *see O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999). To fairly present a federal claim, a petitioner must present the State courts with "both the legal and factual basis" for the claim. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006); *Williams v. Mitchell*, 792 F.3d 606, 613 (6th Cir. 2015). The petitioner bears the burden of establishing that he has properly and fully exhausted his available State court remedies with respect to his habeas claims for relief. *See Nali v. Phillips*, 681 F.3d 837, 852 (6th Cir. 2012) (citing *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994)).

Here, Preston indicates on the face of the petition that she has not sought further review of her conviction by a higher State court, by filing a direct appeal or any other petitions or motions for postconviction relief. (*See* Doc. No. 1). Because Preston has not given the State courts a fair opportunity to consider the merits of the claims she has presented in this petition, she has not properly exhausted her State court remedies. The Court must therefore dismiss the petition under Section 2254.

Accordingly, the Court DENIES the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 and DISMISSES the action WITHOUT PREJUDICE pursuant to Rule 4 of the Rules Governing Section 2254 cases. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

                                         10/25/2023
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**